## Ogilvie v. Union Central Life Insurance Company.

(Decided September 22, 1916.)

### Appeal from the McCracken Circuit Court.

Bills and Notes—Failure to Pay Interest Installment—Waiver of Notice.—Under a provision in a note and mortgage that if any installment of interest be not paid at maturity the principal note and all accrued interest shall become at once due at the option of the holder, and that notice of such option is waived, it is not necessary, after default in payment of interest, for the holder before maintaining an action on the whole debt to give notice of his election to declare the whole debt due or make demand of payment.

EATON & BOYD for appellant.

L. B. ALEXANDER for appellee.

OPINION OF THE COURT BY JUDGE TURNER.—Affirming.

In February, 1914, the appellant borrowed from the appellee $8,000.00 for which he executed his note payable in ten years, and at the same time executed a mortgage on real estate to secure the payment of same and the interest installments. He also executed certain notes for the interest installments which were due annually, except the first which was due October 1st, 1914, and the last which was due at the maturity of the principal note.

The first interest installment due October, 1st, 1914, was not paid, and, in March, 1915, this action was instituted by appellee, wherein it claimed the right under the terms of the note and mortgage to treat the whole debt as due and enforce its mortgage.

In the $8,000.00 note executed there is the following provision:

"If any installment of interest be not paid at maturity, this principal note and all interest accrued thereon shall become due and payable at once, at the option of the holder of this note, notice of such option hereby being waived," and there is a similar provision in the mortgage.

There is no allegation in the petition that any notice was given to appellant of the appellee's election to treat the whole debt as due; and the demurrer to the petition and the answer filed by appellant raise the single question whether the action could be maintained on the whole debt without the giving of such notice, or without making demand before suit.

It is insisted for appellant that the clause in the note and mortgage only constituted an option in the holder of the note to declare the whole debt due upon the failure to pay any installment of interest at maturity, and it is conceded that the holder did not have to give notice of such intention to exercise its option; but it is claimed that the payor was entitled to notice and demand before suit on the principal debt, the argument being that there was no waiver of demand for payment, but only a waiver of notice of intention to exercise the option.

We confess our inability to see any practical distinction; if appellee is required in the face of this provision waiving the notice of his intention to exercise his option, to make a demand before he may maintain his action on the principal note, the waiver provision is of no benefit to it. To demand of appellant the payment of the principal debt because of his failure to pay the interest installment would be equivalent to giving him notice that

the appellee elected under its option to treat the principal debt as due, and to hold such demand necessary would be in effect to deprive appellee of the benefit of the provision in the note that no notice of his intention to exercise the option should be necessary.

The judgment of the lower court was in accord with these views and it is affirmed.